**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In Re: Brian P. Mallon, a/k/a Brian P. Mallon | : Chapter 7 |
| | : Bankruptcy No.18-11479-jkf |
| Debtor(s) | : |
| | : 11 U.S.C. § 362 |

Gary F. Seitz, Esquire
           Trustee
  vs.
Brian P. Mallon, a/k/a Brian P. Mallon
           Debtor(s)
    and
Carrington Mortgage Services, LLC
         Secured Creditor
         RESPONDENTS

**RESPONSE IN OPPOSTION OF CARRINGTON MORTGAGE SERVICES, LLC TO APPLICATION OF THE CHAPTER 7 TRUSTEE TO RETAIN BK GLOBAL REAL ESTATE SERVICES AND REAL ESTATE BROKER TO PROCURE CONSENTED PUBLIC SALE PURSUANT TO 11 U.S.C.§§327, 328, 330 AND 506**

  Carrington Mortgage Services, LLC by and through its undersigned attorney, Sarah K. McCaffery, Esquire, hereby opposes Application of the Chapter 7 Trustee to Retain BK Global Real Estate Services and Real Estate Broker to Procure Consented Public Sale Pursuant to 11 U.S.C.§§327, 328, 330 and 506 for the following reasons:

1. Denied. Debtor's Petition is a writing which speaks for itself and Trustee's characterization thereof is denied.

2. Denied. The docket is a public record which speaks for itself and Trustee's characterization thereof is denied.

3. Denied. 28 U.S.C. §§ 157 and 1334 are writings which speak for themselves and Trustee's characterizations thereof are denied. Additionally, 28 U.S.C. § 1408 and 1409 are writings which speak for themselves and Trustee's characterizations thereof are denied.

4. Denied. 11 U.S.C. § 327 and Rule 2014 of the Federal Rules of Bankruptcy Procedure are writings which speak for themselves and Trustee's characterizations thereof are denied.

5. Denied. Upon information and belief, Secured Creditor/Respondent avers that on the date of the Petition filing, Debtor Brian Mallon was a co-owner of the property located at

  3544 Shelmire Avenue, Philadelphia, PA 19136. A true and correct copy of the most recent Deed is attached hereto as Exhibit "A" and incorporated herein.

6. Denied. Debtor's filed schedules are writings which speak for themselves and Trustee's characterization thereof is denied.

7. Denied. Secured Creditor/Respondent cannot agree nor consent to Trustee's Application. Secured Creditor/Respondent has obtained Relief from the Automatic Stay on April 25, 2018 and expended substantial sums to proceed with a Sheriff's Sale scheduled for July 10, 2018 and would be unjustly harmed if Trustee's Application were granted.

    a. Denied. Secured Creditor/Respondent cannot agree nor consent to allow Trustee to sell the Real Estate at a public sale, as Secured Creditor/Respondent has already obtained Relief from the Automatic Stay on April 25, 2018 and expended substantial sums to proceed with a Sheriff's Sale scheduled for July 10, 2018.

    b. Denied. Secured Creditor/Respondent cannot agree nor consent to purchase the Real Estate from Debtor's estate if Trustee is unable to identify a qualified third-party purchaser. Secured Creditor/Respondent has already obtained Relief from the Automatic Stay on April 25, 2018 and expended substantial sums to proceed with a Sheriff's Sale scheduled for July 10, 2018. Should the property fail to sell to a third-party purchaser at the scheduled Sheriff's Sale Secured Creditor/Respondent shall purchase the property from the Sheriff.

    c. Denied. Secured Creditor/Respondent cannot agree nor consent to release the Mortgage or otherwise waive its claims against the estate with respect to the Real Estate as Secured Creditor/Respondent has already obtained Relief from the Automatic Stay on April 25, 2018 and a Sheriff's Sale is scheduled for July 10, 2018.

    d. Denied. Secured Creditor/Respondent cannot agree nor consent to pay any surcharge resulting from 11 U.S.C. § 506, including payment of a 6% real estate brokerage commission and listing agent commision, reimbursement of the out-of-pocket expenses of BKRES and Listing Agent, and a carve-out for the administrative expenses of Debtor's estate. Secured Creditor/Respondent has already obtained Relief from the Automatic Stay on April 25, 2018 and expended substantial sums to proceed with the Sheriff's Sale scheduled for July 10, 2018. Additionally, Secured Creditor/Respondent cannot agree nor consent to pay these fees as they are expressly prohibited by the HUD investor guidelines and this is a HUD backed loan.

8. Denied. Secured Creditor/Respondent cannot consent to Trustee's Application nor to any future anticipated Motion to Sell. As previously mentioned, Secured Creditor/Respondent has already obtained Relief from the Automatic Stay on April 25, 2018 and expended substantial sums to proceed with the Sheriff's Sale scheduled for July 10, 2018 and would be unjustly harmed if Trustee's Application is granted.

9. Denied. 11 U.S.C. § 327, 328(a) and 330 are writings which speak for themselves and Trustee's characterization thereof is denied. Moreoever, as previously stated Secured Creditor/Respondent cannot agree nor consent to Trustee's Application as Secured Creditor/Respondent has already obtained Relief from the Automatic Stay and expended substantial sums to proceed with a Sheriff's Sale scheduled for July 10, 2018 and would be unduly harmed if Trustee's Application is granted. Additionally, Secured Creditor/Respondent cannot agree nor consent to payment of the fees requested in Trustee's application as payment of such fees is expressly prohibited by HUD guidelines and this is a HUD backed loan.

10. Denied as a conclusion of law to which no response is required.

11. Denied. Secured Creditor/Respondent cannot agree nor consent to Trustee's Application as Secured Creditor/Respondent has already obtained Relief from the Automatic Stay and expended substantial sums to proceed with the Sheriff's Sale scheduled for July 10, 2018. Additionally, Secured Creditor/Respondent cannot agree nor consent to Trustee's Application as payment of the fees requested are expressly prohibited by HUD guidelines and this is a HUD backed loan. As such, Secured Creditor/Respondent would be unduly harmed if Trustee's Application were granted.

12. Denied. Secured Creditor/Respondent cannot agree nor consent to Trustee's Application as Secured Creditor/Respondent has already obtained Relief from the Automatic Stay and expended substantial sums to proceed with the Sheriff's Sale scheduled for July 10, 2018. Additionally, Secured Creditor/Respondent cannot agree nor consent to Trustee's Application as payment of the fees requested are expressly prohibited by HUD guidelines and this is a HUD backed loan. As such, Secured Creditor/Respondent would be unduly harmed if Trustee's Application were granted.

13. Denied. The BKRES Agreement and Listing Agreement are writings which speak for themselves and Trustee's characterization thereof is denied. Moreover, Secured Creditor/Respondent cannot agree nor consent to Trustee's Application as Secured

Creditor/Respondent has already obtained Relief from the Automatic Stay and expended substantial sums to proceed with the Sheriff's Sale scheduled for July 10, 2018. Additionally, Secured Creditor/Respondent cannot agree nor consent to Trustee's Application as payment of the fees requested are expressly prohibited by HUD guidelines and this is a HUD backed loan. As such, Secured Creditor/Respondent would be unduly harmed if Trustee's Application were granted.

14. Denied. Secured Creditor/Respondent cannot agree nor consent to Trustee's Application as Secured Creditor/Respondent has already obtained Relief from the Automatic Stay and expended substantial sums to proceed with the Sheriff's Sale scheduled for July 10, 2018. Additionally, Secured Creditor/Respondent cannot agree nor consent to Trustee's Application as payment of the fees requested are expressly prohibited by HUD guidelines and this is a HUD backed loan. As such, Secured Creditor/Respondent would be unduly harmed if Trustee's Application were granted.

15. Denied. The BKRES Agreement and Listing Agreement are writings which speak for themselves and Trustee's characterization thereof is denied. Moreover, Secured Creditor/Respondent cannot agree nor consent to Trustee's Application as Secured Creditor/Respondent has already obtained Relief from the Automatic Stay and expended substantial sums to proceed with the Sheriff's Sale scheduled for July 10, 2018. Additionally, Secured Creditor/Respondent cannot agree nor consent to Trustee's Application as payment of the fees requested are expressly prohibited by HUD guidelines and this is a HUD backed loan. As such, Secured Creditor/Respondent would be unduly harmed if Trustee's Application were granted.

16. Denied. The Affidavit of Disinterestedness of BKRES is a writing which speaks for itself and Trustee's characterization thereof is denied.

17. Denied. The Affidavit of Disinterestedness of Listing Agent is a writing which speaks for itself and Trustee's characterization thereof is denied.

WHEREFORE, Carrington Mortgage Services, LLC prays that is opposition be sustained and that Application of the Chapter 7 Trustee to Retain BK Global Real Estate Services and Real Estate Broker to Procure Consented Public Sale Pursuant to 11 U.S.C.§§327, 328, 330 and 506 be denied.

Date: _____

/s/ Sarah K. McCaffery
Sarah K. McCaffery
Richard M. Squire & Associates, LLC
One Jenkintown Station
115 West Avenue, Suite 104
Jenkintown, PA 19046
(215) 886-8790
(215) 886-8791 (fax)
smccaffery@squirelaw.com (email)
Attorney for the Respondent